IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST K. Richard WELLS, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant,

v.

K. Richard WELLS, Respondent.

Supreme Court

*No. 99–1750–D. Filed January 4, 2000.*

2000 WI 1

(Also reported in 603 N.W.2d 743.)

 

¶ 1. PER CURIAM. We review the recommendation of the referee that the court suspend the license of K. Richard Wells to practice law in Wisconsin for 90 days as discipline for professional misconduct. That misconduct consisted of his notarizing the signature of a person who did not appear and sign the document in front of him, not responding to a client's telephone inquiries and providing information about the status of the matter he was retained to pursue, failing to appear at a client's pretrial conference, with the result that the client was found guilty *in absentia*, not responding to that client's telephone inquiries and providing information about the status of the matter, and failing to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) in respect to the foregoing and two additional matters.

¶ 2. We determine that the recommended 90-day license suspension is the appropriate discipline to impose for Attorney Wells' professional misconduct. He previously received a private reprimand from the Board in February 1998 as discipline for substantially similar misconduct. Yet, he has persisted in failing to meet his responsibilities to clients and fulfill his most basic duty of informing them of the status of their legal matters. In addition, he has violated his notarial responsibility and ignored requests for information from the board we have charged with investigating and, where warranted, prosecuting allegations of attorney professional misconduct. With the license suspension, we impose conditions on reinstatement of Attorney Wells' license that have been recommended by the referee, as set forth below.

¶ 3. Attorney Wells was admitted to practice law in Wisconsin in 1983 and practices in Kenosha. When he refused to participate in the telephonic hearing conducted by the referee on the Board's motion for default judgment, the referee granted that motion and made the following findings of facts.

¶ 4. In early 1998, Attorney Wells was retained to assist a client in obtaining records of counseling the client had undergone in order to qualify for an occupational operator's license. Attorney Wells asked the client to sign and return an authorization for release of the records, which the client did, and then notarized the client's signature on the authorization without the client's having appeared before him and without witnessing the client's signing the document. The referee concluded that Attorney Wells thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[1] When the client asserted that Attorney Wells had not sent him the counseling records and did not respond to his numerous telephone calls, the Board asked Attorney Wells for a response. Attorney Wells did not respond to any of the three letters from the Board and gave no explanation to the district professional responsibility committee for his failure to respond. He promised the district committee investigator that he would turn over the file, but he never did. The referee concluded that by failing to respond to the Board's letters, Attorney Wells failed to cooperate in the Board's

---

[1] SCR 20:8.4(c) provides:

It is professional misconduct for a lawyer to:

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

investigation, in violation of SCR 21.03(4)[2] and 22.07(2) and (3).[3]

¶ 5. The private reprimand the Board imposed on him in February 1998 was conditioned on Attorney Wells' returning file materials to a client. When he signed his acceptance of the reprimand, Attorney Wells indicated that the file materials had been returned to the client, but the client told a district professional responsibility committee member that he never received those materials. The Board ultimately commenced an investigation into the matter and wrote Attorney Wells two letters in late 1998 asking for a response, but Attorney Wells did not respond or provide an explanation for his failure to do so. The referee

---

[2] SCR 21.03(4) provides:

> (4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[3] SCR 22.07(2) and (3) provide:

> (2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.
>
> (3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

concluded that he thus violated SCR 21.03(4) and 22.07(2) and (3).

¶ 6. In April 1998, a client paid Attorney Wells a $3,000 retainer to represent her minor son. The client heard nothing from Attorney Wells, notwithstanding her numerous telephone calls, from mid-May to October 1998, when she filed a grievance with the Board. Attorney Wells did not provide the client or her son any information regarding the status of the matter. The referee concluded that Attorney Wells failed to keep the client reasonably informed of the status of the legal matter for which he was retained, in violation of SCR 20:1.4(a).[4] The referee also concluded that he violated SCR 21.03(4) and 22.07(2) and (3) by not responding to three letters from the Board asking for a response to the client's grievance.

¶ 7. In January 1998, Attorney Wells was hired by a client and paid a retainer of $750 to represent him on a municipal traffic citation. Attorney Wells attended a court appearance with the client at which a pretrial conference was scheduled, but he did not appear for the pretrial, as a result of which the client was found guilty *in absentia*. The client did not receive notice of the guilty finding until he received two letters from the municipality in June 1998 advising him that he had been found guilty, that he owed a forfeiture of $719, and that his driving privileges had been suspended for nine months. The referee concluded that Attorney Wells neglected this client's legal matter and failed to act with reasonable diligence and promptness in repre-

---

[4] SCR 20:1.4(a) provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

senting the client, in violation of SCR 20:1.3.[5] His failure to respond to the client's repeated attempts to contact him for an explanation violated SCR 20:1.4(a), and his failure to respond to two letters from the Board seeking information about the client's grievance violated SCR 21.03(4) and 22.07(2) and (3).

¶ 8. Attorney Wells did not respond to inquiries from the Board concerning another client's grievance filed in November 1998. The referee concluded that he thereby violated SCR 21.03(4) and 22.07(2) and (3).

¶ 9. As discipline for that professional· misconduct, the referee recommended that the court suspend Attorneys Wells' license to practice law for 90 days. In making that recommendation, the referee explicitly took into account his repeated pattern of non-cooperation, his prior discipline involving substantially similar misconduct, and his repeated violations of professional obligations in respect to direct dealings with clients. Responding to his unexplained refusal to participate in this disciplinary proceeding either by filing an answer to the Board's complaint or by taking part in the hearing on the Board's default judgment motion, the referee suggested that Attorney Wells may be in need of "significant professional help with respect to his mental health." Accordingly, the referee recommended that as a condition of reinstatement of his license following the period of suspension, Attorney Wells be required to obtain at his own expense a psychological evaluation and to follow any treatment plan that may be recommended as a result.

---

[5] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

369

¶ 10. We adopt the referee's findings of fact and conclusions of law and determine that the recommended license suspension and imposition of the reinstatement condition are appropriate under the circumstances. The referee's report did not address the issue of restitution to clients of retainers they had paid Attorney Wells for services he did not provide. In that regard, we expect the Board to ensure that appropriate restitution to persons harmed by Attorney Wells' misconduct has been made prior to reinstatement under SCR 22.28(2).[6] Finally, we require Attorney Wells to pay the costs of this proceeding, as the referee recommended.

¶ 11. IT IS ORDERED that the license of K. Richard Wells to practice law in Wisconsin is suspended for 90 days, commencing February 11, 2000.

¶ 12. IT IS FURTHER ORDERED that as a condition of reinstatement of his license to practice law, K. Richard Wells obtain at his own expense a psychological evaluation, furnish the results of it to the Board of Attorneys Professional Responsibility, and establish to the satisfaction of the Board that he has followed all treatment recommended.

¶ 13. IT IS FURTHER ORDERED that within 60 days of the date of this order K. Richard Wells pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of K. Richard Wells to practice

---

[6] SCR 22.28(2) provides:

(2) An attorney's license suspended for misconduct for less than 6 months is automatically reinstated upon the attorney's filing with the administrator an affidavit showing full compliance with all the terms and conditions of the order of suspension.

law in Wisconsin shall remain suspended until further order of the court.

¶ 14. IT IS FURTHER ORDERED that K. Richard Wells comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.